UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| CHAUNCEY LEON WATKINS, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. 4:17-CV-1320 NCC |
| STATE OF MISSOURI, et al., | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon the request of plaintiff Chauncey Leon Watkins, Jr., a prisoner currently incarcerated at the St. Louis County Justice Center, for leave to commence this action without prepayment of the filing fee.[1] Having reviewed plaintiff's financial information, the Court will not assess an initial partial filing fee at this time. In addition, the Court will allow plaintiff the opportunity to submit a second amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

---

[1] Plaintiff has not actually filed a separate motion to proceed in forma pauperis. Rather, in the letter attached to his second prison account statement, plaintiff states that he is "asking the courts to waive all fees and court costs." [Doc. #7]. As plaintiff's intent is clear, the Court will construe the filing of plaintiff's prison account statement, along with his request to "waive fees and court costs," as a request to proceed in forma pauperis in this matter.

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In this case, plaintiff has submitted a prison account showing a negative account balance of $-56.00. Therefore, the Court will not assess an initial partial filing fee at this time.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders bare assertions devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15

(8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**The Amended Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. He has named thirty-eight (38) individuals and entities as defendants in this action, including: the State of Missouri; St. Louis County Justice Services; St. Louis County Circuit Courts; Clayton Police Department; Herbert Bernsen (Director); Tena Johnson (Investigator); Tom DePriest (Judge); Brian May (Judge); Jeffrey Pauk (Prosecutor); Brook Hurst (Prosecutor); Stephen Reynolds (Public Defender); Travis Martin (Public Defender); Unknown Patterson (Clayton Police Officer); Gerald Kramer (Unit Manager); Jeffrey Siler (Unit Manager); May Stearn (Caseworker); Kenneth Reed, Jr. (Major); Lt. Unknown Reed; Lt. Unknown O'Brien; Lt. Unknown Kirksey; Lt. Unknown Lewis; Lt. Unknown Bromier; Lt. Unknown Mitchell; Unknown Steam___;[2] Unknown Whitehill; K. Doherty; Unknown Showmaker; Unknown Killebrew; Unknown Bryant; Unknown Stuart; Unknown Officer Harris; Unknown Thrush; Unknown Barnhill; Unknown Hudson; Unknown Williams; Unknown Vilmer; Nurse Kendra Unknown; Dr. Unknown Leeker.

Plaintiff has not provided the Court with a full "Statement of Claim" in his amended complaint. Instead, plaintiff has stated generally that he was subjected to "cruel and unusual punishment" and "due process [violations]" during his incarceration at St. Louis County Justice Services between the dates of July 29, 2016 and August 3, 2017. He states that also between these dates he was subjected to "cruel and unusual punishment" and "due process [violations]" by the St. Louis County Circuit Courts. Plaintiff further claims that during the dates of February

---
[2]Plaintiff's complaint is handwritten and difficult to read. The Court is unable to discern this defendant's full name.

21, 2016 and August 3, 2017, he was subjected to "cruel and unusual punishment" and "due process [violations]" by the Clayton Police Department. Plaintiff has not provided any additional factual assertions against the aforementioned defendants.

Plaintiff has provided a listing of the individual defendants, and next to each name he has stated such assertions as: "cruel and unusual punishment; due process; false imprisonment; unlawful prosecution; false violation; did not enforce law; refused me medical attention; refused me mental health attention; was not enforcing policy; sexual assault violation; etc." Plaintiff has failed write in paragraph form exactly what he perceives to be the unlawful acts perpetrated by the individual defendants against him in this action.[3]

Plaintiff brings this action against defendants in their official capacities only. He seeks compensatory and punitive damages.

## Discussion

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a **policy or custom of the government entity** is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978) (emphasis added). The instant complaint does not contain any allegations that a policy or custom of St. Louis County was responsible for the alleged violations of

---

[3]Although plaintiff has failed to write in paragraph form about what he perceives to be the purported unlawful acts perpetrated against him, he has included a St. Louis County Justice Center Incident Report, dated November 24, 2016, stapled to his amended complaint. The report was purported written by Lieutenant Reed in the ordinary course of business. Lt. Reed stated in the report that she assisted Officer Harris with a cell and pat search of plaintiff on November 24, 2016, after receiving information that plaintiff was in possession of a radio while on lockdown. During the pat search, plaintiff was allegedly found with a radio in a sock tied to his penis inside of his pants.

4

plaintiff's constitutional rights. Therefore, the complaint, as a whole, fails to state a claim against which relief may be granted.

Additionally, the complaint is legally frivolous against the entities known as "St. Louis County Justice Services," "St. Louis County Courts" and "Clayton Police Department" because these entities are not subject to suit. *See Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."). Furthermore, the State of Missouri, is absolutely immune from liability under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989).

In order for an individual to be liable under § 1983, a causal link to, and direct responsibility for, the purported deprivation of rights must be alleged. *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). In the instant action, plaintiff has not set forth any facts indicating that any of the named defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. Additionally, plaintiff has not brought this case against any of the defendants in their individual capacities. As a result, the complaint fails to state a claim upon which relief can be granted.[4]

---

[4]To the extent plaintiff is asserting an unlawful search claim against Officer Harris and Lieutenant Reed, it does not appear from the facts as stated in the Incident Report that such a claim exists. The Supreme Court has recognized that deterring the possession of contraband depends in part on the ability to conduct searches without predictable exceptions. *See Florence v. Board of Chosen Freeholders of County of Burlington*, 132 S.Ct.1510 (2012) (routine pat down and/or strip searches do not necessarily violate the Fourth Amendment); *Bell v. Wolfish*, 441 U.S. 520, 546 (1979)("[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees.").

Furthermore, it appears that plaintiff has named several supervisors as defendants in this action. The doctrine of respondeat superior is not applicable to § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); *Woods v. Goord,* 1998 WL 740782, at *6 (S.D.N.Y. October 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983). Thus, even if plaintiff had named the supervisory defendants in their individual capacities, these defendants could not be held liable in this action.

Because plaintiff is proceeding *pro se*, the Court will allow him to file a second amended complaint in this action. Plaintiff is warned that the filing of a second amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the second amended complaint on a court-provided form, and the second amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

In the "Caption" section of the second amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. He must write legibly, and he should indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[5]

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth

---

[5]The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

the specific factual allegations supporting his claim or claims against that defendant, as well as the constitutional right or rights that defendant violated. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request to proceed *in forma pauperis* is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff will not be required to pay an initial partial filing fee at this time.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall submit a second amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that plaintiff's motion to add parties [Doc. #3] is **DENIED AS MOOT** given that plaintiff has filed an amended complaint.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 5th day of September, 2017.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE